Evans, J.
Submitted on motion of defendant to quash service of summons on defendant, and to set aside the return thereon. The grounds of the motion are:
That defendant is a foreign corporation, organized under the laws of Pennsylvania, and resident of that state; that the alleged cause of action did not accrue in Ohio, and the liability, if any, of defendant, arose entirely within the state of Pennsylvania; that F. C. Lewis (upon whom service was had) was then not an officer or agent of defendant, upon whom process might be served; that said service is illegal, invalid and void.
Some question has been made in argument by plaintiff’s counsel that the question is not properly made by motion. In my opinion, I think the question is properly made by the motion. The facts necessary for its determination are embodied in the affidavit filed on behalf of the motion,
*578 Where process against a corporation is served upon a person on whom such service is not authorized by law, the service is regarded not as merely defective, but as void, and the court may properly refuse to proceed with the case whenever such jurisdictional defect comes to its knowledge from any source. 19 Eng. PL & Prae., 671. (See eases there cited.) So that, in my opinion, the question made is properly before the court on the mo-' tion and the facts stated in the affidavit.
The question here has never been made and decided in this state. That is, whether service of process against a foreign corporation, upon -causes of action arising in another state in-' stituted by a citizen of this state, made upon a person such as is designated by Section 178 et seq., General Code (148(7, R. S.), is sufficient to give the local court jurisdiction over such defendant corporation in such action.
The question depends upon the proper construction of Section 148d, R. S. This section provides, in substance, that no foreign stock corporation, other than banking or insurance corporations, shall do business in this state without first having procured from the Secretary of State a certificate that it has complied with all the requirements of law to authorize it to do business in this state, and that the business of the corporation to be carried on in this state is such as can be carried on by a corporation incorporated under the laws of this state for such or similar business, or if more than one kind of business, by two or more corporations so incorporated for such kinds of business exclusively.
The said section then provides for the delivery of certificate to the corporation by the Secretary of. State; and without such certificate no such corporation shall maintain an action in this state; and that such corporation shall file in the office of the Secretary of State a sworn statement of “the business or objects of the corporation which it is engaged in -carrying on, or which it proposes to engage in or carry on within the state, and a place within this state which is to be its principal place of business, and designating in the manner prescribed in the code of civil procedure in this state, a person upon whom process against such corporation may be served within this state. The person so designated must have an office or place of business at the place *579 where such corporation is to have its principal place of business within this state. ’ ’
As far back as the 32 O. S., 135, in R. R. Co. v. Transportation Co., upon the-general tendency of the law in actions against foreign corporations, the court there say “that the tendency of legislation and the policy of the law is to facilitate the obtaining of service upon foreign corporations.”
Such evidently was the purpose, in part at least, of the provisions of said Section 148d. This section, together with Section 11819, General Code (5521, R. S.), -affords to a foreign corporation which has complied with the requirements of the former section of the statute substantially similar rights and protection as those afforded to domestic corporations.
It can hardly be questioned but that if defendant refused or neglected to do and perform the things, and pay the fees provided in Section 148d, R. S., a party aggrieved, if he found property of defendant in this state, could file an action in this state, and attach such property under Section 5521, R. S., and a court in this state would have jurisdiction to hear and determine the action, and this notwithstanding'the cause -of action may have arisen in another state.
But, Section 5521, R. S., precludes a citizen of this state from attaching property of a foreign corporation in an action against it in this state, when any such foreign corporation has complied with the requirements of Section 148d, and has obtained the certificate therein provided.
Hence, under, such circumstances, a citizen of this state who has a cause of action against a foreign corporation, arising outside this state, could not attach property of such corporation found by him in this state, and the courts here would have no jurisdiction in an action against such corporation, unless service was had in the state on some chief officer or managing agent, or upon the person designated in Section 148d
The operation and effect of the said limitation provided in Section 5521, R. S., is to deprive a citizen of a valuable right subsisting to him when such corporation has not complied with the requirements of said Section 148d, unless the provision requiring such corporation to designate ‘ ‘ a person upon whom pro *580 cess -against such corporation may be served within this state,” was intended to provide a different but adequate remedy and procedure. That said section of the statute was not intended to limit or take away any substantial rights of a citizen is apparent. On the other hand, the evident intent of said act is to facilitate the prosecution of actions against foreign corporations within our own state.
By said act such corporation must maintain in this state a place, which is to be its principal place of business, and the person so designated must have an office or place of business at the' place where such corporation is to have its principal place of business within this state.
There is no question here but that this court has jurisdiction over the subject-matter of this action.
“Power to hear and determine a controversy is jurisdiction, and it' is complete when both the subject-matter of the controversy and the parties to it are properly before the court. * * # The general jurisdiction of the court of common pleas over the person of litigants, is not confined to residents or natural persons; non-residents of the state and foreign corporations are as much subject to its jurisdiction as are residents and domestic corporations. * * * We know of no principle that wall exempt a foreign corporation, which voluntarily comes into this state, from liability to answer any complaint which may be preferred against it in the courts of the state, that would not exonerate natural persons under like circumstances.” Hardy v. Insurance Co., 37 O. S., 370.
In my opinion, the defendant having come into this state, and established a principal place of business here, and designated a person to maintain an office at such principal.place of business, and having become vested with the rights and privileges under the laws of this state, and thereby entitled to its protection, and substantially given similar rights to those of domestic corpora-ions, can not, under the construction I place upon said section of the statute, limit the jurisdiction of the court by service upon such person so designated to causes of action arising in the state.
For this reason I think the motion to quash service of summons is not well taken, and the same is overruled.